Landon, J.
The defendant also appeals from an order of the special term denying a motion to strike out certain allegations of the complaint as irrelevant. The first is to the effect that his ice, when polluted by the sewage, will injure the health of the persons-using it; the second alleges the extent of his market for ice; the third that other people also obtain ice from his pond; the fourth contains an advisory resolution of the state board of health; the fifth that the defendant can make its sewage deposits into' fertilizers and can discharge the sewage water into the Rondout creek, and the sixth that the defendant had due notice that suit-would follow its discharge of sewage into the Esopus creek. It is probable that the third, and fourth allegations are not material to the plaintiff’s case, and that the fifth and sixth are anticipatory of objections to be asserted by the defendant.
But we do not think the defendant is aggrieved by any of them. In an equity case it is usual for the plaintiff to allege his equities, and if out of abundant caution he should allege matters which do' not constitute any equity in his favor, the defendant is not aggrieved thereby unless he is misled into combating a false issue. The trial court, as the case is unfolded, is in a better condition to judge respecting such matters. We are not inclined to favor such motions unless the irrelevancy is clear and the danger of false issues something more than barely possible.
Order affirmed, with ten dollars costs and printing disbursements.
Learned, P. J., concurs; Mayham, J., takes no part.